## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**GINA E. SCRAMUZZA**                              **CIVIL ACTION**

**VERSUS**                                          **NO.  17-5713**

**FREDRICK BOUTTE, WARDEN**                         **SECTION "I"(2)**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

## I.    FACTUAL BACKGROUND

The petitioner, Gina E. Scramuzza, is a convicted inmate currently incarcerated in the Louisiana Correctional Institute for Women in St. Gabriele, Louisiana.[2]  On

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

[2]Rec. Doc. No. 4.

April 22, 2009, Scramuzza and three co-defendants, Carlos Alberto Rodriguez, Erly Y. Montoya and Luis Starlyn Rodriguez-Hernandez, were indicted by a St. Tammany Parish grand jury for the first degree murder of Scramuzza's husband, Mario Scramuzza.[3]

On August 14, 2013, Scramuzza withdrew her prior plea of not guilty and entered a guilty plea to the first degree murder charge.[4]  That same day, the state trial court sentenced her to serve life in prison without benefit of parole, probation or suspension of sentence.[5]  Scramuzza's conviction and sentence became final thirty (30) days later, on September 13, 2013, when she did not pursue direct appeal.  Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003) (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process); see Cousin v. Lensing, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the period for filing a notice of appeal under La. Code Crim. P. art. 914[6]).

---

[3]St. Rec. Vol. 3 of 3, Indictment, 4/22/09; St. Rec. Vol. 1 of 3, Grand Jury Return, 4/22/09.

[4]St. Rec. Vol. 1 of 3, Plea Minutes, 8/14/13; Plea Hearing Transcript, 8/14/13.

[5]St. Rec. Vol. 1 of 3, Plea Minutes, 8/14/13; Plea Hearing Transcript, p. 16, 8/14/13.

[6]The Cousin court recognized that failure to move timely for appeal under La. Code Crim. P. art. 914 renders the conviction and sentence final at the expiration of that period, citing State v. Counterman, 475 So.2d 336, 338 (La. 1985).  At the time of Cousin, La. Code Crim. P. art. 914 required a criminal defendant to move for leave to appeal within five (5) days of the order or judgment being appealed or of a ruling on a timely motion to reconsider a sentence.  Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide thirty (30) days for filing of the notice of appeal.

More than eight months later, on May 23, 2014, Scramuzza filed several motions seeking copies of transcripts, record documents, her plea agreement and the district attorney's entire file.[7]  On May 29, 2014, the trial court granted the motion in part to direct that she be given a copy of her plea hearing transcript, the indictment, commitment order and minute entries, and denied the motion as to other documents finding that she had not shown a particularized need for the documents and was not entitled to relief that would entitle her to the documents.[8]  By separate order, the court denied the request for a hearing to determine her need for copies of the district attorney's file, because Scramuzza was not entitled to relief of the type that would entitle her to those files.[9]

On October 22, 2014, Scramuzza filed a second motion with the trial court seeking access to copies of the district attorney's file, which the court denied for reasons similar to those stated in its two prior orders issued May 29, 2014.[10]

On June 2, 2015, more than one year and eight months <u>after</u> her conviction became final, Scramuzza signed and submitted an application for post-conviction relief to the

---

[7]St. Rec. Vol. 1 of 3, Motion for Transcripts and Plea Agreement, 3/23/14; Motion for Production of Public Records, 5/23/14; Motion to Show Particularized Need, 5/23/14; Motion for Contradictory Hearing, 5/23/14.

[8]St. Rec. Vol. 1 of 3, Trial Court Judgment, 5/29/14.

[9]St. Rec. Vol. 1 of 3, Trial Court Judgment (2), 5/29/14.

[10]St. Rec. Vol. 1 of 3, Trial Court Judgment, 12/19/14.

state trial court asserting thirteen grounds for relief from her conviction and sentence.[11]

The state trial court held that ten of the claims were waived by the entry of her guilty

plea.[12]  The court further held that her claim of excessive sentence was not subject to

post-conviction review and two other claims, including her claims of ineffective

assistance of counsel, were meritless.

The Louisiana First Circuit denied Scramuzza's subsequent writ application

without stated reasons on November 18, 2015.[13]  The Louisiana Supreme Court also

denied Scramuzza's related writ application on May 1, 2017, for similar reasons to those

given by the state trial court.[14]

---

[11]St. Rec. Vol. 1 of 3, Application for Post-Conviction Relief, 6/3/15 (dated 6/2/15).  The claims were as follows: (1) The evidence was insufficient. (2) She was interrogated without counsel. (3) Her guilty plea was used to secure guilty pleas from the co-defendants. (4) The State withheld evidence related to the co-defendants. (5) Her statements to police were coerced and should have been suppressed. (6) Her car was unlawfully searched before she was a suspect. (7) She should have initially pleaded not guilty and not guilty by reason of insanity. (8) Her counsel was ineffective for not pursuing a speedy trial. (9) She should have been allowed to plead guilty to a lesser charge since she was not the murderer. (10) Her counsel was ineffective for advising her to enter the guilty plea to the original charge. (11) Her life sentence was excessive in light of the co-defendants' lesser sentences after pleading to lesser charges. (12) She was denied appellate counsel and the opportunity to appeal. (13) She was denied a fair proceeding based on biased publicity.

[12]St. Rec. Vol. 1 of 3, Trial Court Judgment, 7/2/15.

[13]St. Rec. Vol. 2 of 3, 1st Cir. Order, 2015-KW-1294, 11/18/15; 1st Cir. Writ Application, 2015-KW-1294, filed and dated 8/25/15.

[14]State ex rel. Scramuzza v. State, 218 So.3d 91 (La. 2017); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2015-KH-2329, 5/1/17; La. S. Ct. Writ Application, 15-KH-2329, 12/22/15 (dated 12/16/15).

4

III.    FEDERAL HABEAS PETITION

On July 10, 2017, after correction of certain deficiencies, the clerk of this court filed Scramuzza's petition for federal habeas corpus relief in which she asserts the following grounds for relief:[15] (1) The evidence was insufficient to support a conviction for first-degree murder. (2) Petitioner was interrogated without being provided counsel on her request. (3) The state trial court erred by not suppressing petitioner's statements that were coerced by law enforcement after she asked for counsel. (4) The search of her vehicle was unlawful since she was not a suspect at the time. (5) Petitioner should have entered a plea of not guilty and not guilty by reason of insanity at her initial arraignment because of her emotional issues including depression. (6) Her trial counsel was ineffective when he advised her to plead guilty to first degree murder.

The State filed a response in opposition to Scramuzza's federal petition asserting that it was not timely filed under federal law, and alternatively that, one claim is in procedural default and the remaining claims are without merit.[16]

III.    GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation,

---

[15]Rec. Doc. No. 4.

[16]Rec. Doc. No. 13.

including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[17] and applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  The AEDPA therefore applies to Scramuzza's petition, which, for reasons discussed below, is deemed filed in a federal court on May 31, 2017.[18]  The threshold questions in habeas review under the amended statute are whether the petition is timely and whether petitioner's claims were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State has asserted that Scramuzza's federal petition was not timely filed and alternatively that one of the claims is in procedural default.  For the following reasons,

---

[17]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[18]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes.  Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of court received and filed Scramuzza's deficient petition on June 5, 2017.  Her corrected petition was entered July 10, 2017, and the case was opened on July 11, 2017, when the filing fee was paid.  Scramuzza dated her signature on the original documents on May 31, 2017, which is the earliest date appearing in the record on which she could have submitted the pleadings to prison officials for mailing to a federal court.  The fact that she paid the filing fee does not alter the application of the federal mailbox rule to her pro se petition.  Cousin, 310 F.3d at 847.

the record supports the State's conclusion that the petition is not timely filed, and Scramuzza's petition should be dismissed for that reason.

## IV.  STATUTE OF LIMITATIONS

The AEDPA requires that a Section 2254 petition must ordinarily be filed within one year of the date the conviction became final.[19]  Duncan v. Walker, 533 U.S. 167, 179-80 (2001).  Scramuzza's conviction became final on September 13, 2013, which was thirty (30) days after she entered her guilty plea, was sentenced by the state trial court and did not appeal.  Applying Section 2244 literally, Scramuzza had one year from finality of her conviction, until Monday, September 15, 2014,[20] to file her federal habeas corpus petition, which she did not do.  Her petition must be dismissed as untimely, unless

---

[19]The statute of limitations provision of the AEDPA at 28 U.S.C. § 2244(d), provides for other triggers which do not apply here:

   (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

   A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

   C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

   D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[20]The final day was Saturday, September 13, 2014, which extended the last day of the period to Monday, September 15, 2014.  Fed. R. Civ. P. 6(a)(1)(C).

the one-year statute of limitations was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that AEDPA's one-year statute of limitations period in Section 2244(d)(1) may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999).  Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  Pace, 544 U.S. at 418-19; Cousin, 310 F.3d at 848.

Scramuzza has asserted no reason, and I can find none, that might constitute rare or exceptional circumstances why the one-year statute of limitations period should be considered equitably tolled in his case.  The record does not establish circumstances that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent to warrant equitable tolling in this case.  See Holland v. Florida, 560 U.S. 631, 651-54 (2010) (equitable tolling would be warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests timely to file a federal petition and in failing to communicate with the client

8

over a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of

limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. Duncan, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts have held that, because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926, at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303,

306-307 n.4 (5th Cir. 2000) (quoting <u>Villegas v. Johnson</u>, 184 F.3d 467, 469 (5th Cir. 1999)); <u>Smith v. Ward</u>, 209 F.3d 383, 384-85 (5th Cir. 2000).   The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings filed by a prisoner. <u>Causey v. Cain</u>, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" <u>Carey v. Saffold</u>, 536 U.S. 214, 219-20 (2002); <u>Williams</u>, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. <u>Dillworth v. Johnson</u>, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); <u>Nara v. Frank</u>, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review").   A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same

11

substantive claims now being raised in the federal habeas corpus petition.  <u>Godfrey v. Dretke</u>, 396 F.3d 681, 686-88 (5th Cir. 2005).

In Scramuzza's case, the one-year AEDPA statute of limitations period began to run on September 14, 2013, the day after her conviction became final, and did so uninterrupted for 365 days, until Monday, September 15, 2014, when it expired. Scramuzza had <u>no</u> properly filed state application for post-conviction relief or other collateral review pending in any state court during that time.  Her unsuccessful attempts during that period to obtain copies of the district attorney's files did <u>not</u> constitute other collateral review for purposes of the AEDPA tolling calculation.  See <u>Osborne v. Boone</u>, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); <u>Brown v. Cain</u>, 112 F. Supp.2d 585, 587 (E.D. La. 2000), <u>aff'd</u>, 239 F.3d 365 (5th Cir. 2000); <u>Gerrets v. Futrell</u>, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.); <u>Jones v. Johnson</u>, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather support and transcripts); <u>Grayson v. Grayson</u>, 185 F. Supp.2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling).  The one-year AEDPA limitations period was not interrupted by Scramuzza's document production requests.

Under the mailbox rule, Scramuzza's federal petition is deemed filed on May 31, 2017, which was more than two years and eight months after the AEDPA one-year statute of limitations expired on September 15, 2014.  Her federal petition was <u>not</u> timely filed and must be dismissed with prejudice for that reason.[21]

## **RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that Gina E. Scramuzza's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of

---

[21]The United States Supreme Court decision in <u>Martinez v. Ryan</u>, 566 U.S. 1 (2012), is not relevant to the timeliness of this federal petition.  In <u>Martinez</u>, the Court held that a <u>procedural bar</u> imposed by <u>state courts</u> "'will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'" <u>Trevino v. Thaler</u>, 133 S. Ct. 1911, 1912 (2013) (quoting <u>Martinez</u>, 566 U.S. at 13).  Scramuzza's ineffective assistance of counsel claims were considered in the state courts on the merits and were not subject to a state procedural bar.  In addition, the decisions in <u>Martinez</u> and <u>Trevino</u> do <u>not</u> address or provide an excuse for untimely filing of a federal habeas petition. <u>See Arthur v. Thomas</u>, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the <u>Martinez</u> rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); <u>Smith v. Rogers</u>, No. 14-0482, 2014 WL 2972884, at *1 (W.D. La. Jul. 2, 2014); <u>Falls v. Cain</u>, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun. 13, 2014) (Order adopting Report and Recommendation).  <u>Martinez</u> and <u>Trevino</u> also do <u>not</u> constitute new rules of constitutional law made retroactive on collateral review to start a new one-year statute of limitations period under the AEDPA. <u>See In re Paredes</u>, 587 F. App'x 805, 813 (5th Cir. Oct. 25, 2014) (". . . the Supreme Court has not made either <u>Martinez</u> or <u>Trevino</u> retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); <u>Adams v. Thaler</u>, 679 F.3d 312, 322 n.6 (5th Cir. 2012).  Neither <u>Martinez</u> nor <u>Trevino</u> provide equitable or statutory relief from petitioner's untimely filing under the AEDPA.

13

plain error, from attacking on appeal the unobjected-to proposed factual findings and

legal conclusions accepted by the district court, provided that the party has been served

with notice that such consequences will result from a failure to object.  Douglass v.

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28

U.S.C. § 636(b)(1)).[22]

New Orleans, Louisiana, this ___8th___ day of March, 2018.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[22]Douglass referenced the previously applicable ten-day period for the filing of objections.
Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

14